IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| VIRGINIA C. BERTWELL, | ) | C/A No.: 0:07-3875-CMC |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| | ) | ON SUBJECT MATTER JURISDICTION |
| v. | ) | AND |
| | ) | MOTION TO DISMISS |
| ALLSTATE INSURANCE COMPANY | ) | |
| AND JOSEPH H. WACHTER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendant Joseph H. Wachter's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Prior to addressing that motion, the court must determine whether it may exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Specifically, the court must determine whether Wachter, a non-diverse Defendant, was fraudulently joined in this action.

For the reasons set forth below, the court finds that Wachter was fraudulently joined. Because the standard for establishing fraudulent joinder is higher than the standard required for dismissal under Rule 12(b)(6), this finding also requires the dismissal of Defendant Wachter from this action.

**I. BACKGROUND**

Bertwell's claims against Defendants Allstate Insurance Company and Wachter arise out an earlier legal action which Allstate pursued against Bertwell seeking recovery for amounts Allstate had paid its own insured. Through that action, Allstate sought recovery as subrogee of its own insured, alleging that Bertwell was the at-fault driver. Wachter acted as Allstate's attorney in that action.

In this action, Bertwell alleges that the earlier action, which was ultimately dismissed by agreement of the parties, was ill-founded in law and fact. As to the legal inadequacy, Bertwell focuses on Wachter's inaccurate classification of the earlier proceeding as a debt collection action when it was, in fact, a negligence action. This designation appears on the civil cover sheet. Wachter has apparently made such designation of other similar actions. According to Bertwell, such a designation makes it more likely that a default judgment could be entered without a hearing as to the amount of damages.

Bertwell also alleges that Allstate and Wachter acted improperly in drafting the settlement documents as they included broader release language than had been agreed. Those documents were presented to Bertwell through her attorney, one or both of whom realized the overbreadth and rejected the proposed language.

Based on the above allegations, which are accepted as true for present purposes, Bertwell asserts eight claims: (1) outrage (intentional infliction of extreme emotional distress); (2) malicious prosecution; (3) abuse of process; (4) fraud (specifying false statements in the complaint); (5) unfair trade practices; (6) civil conspiracy; (7) negligence; and (8) negligent misrepresentation. The unfair trade practices claim is asserted solely against Allstate. The remainder are asserted jointly against both Defendants.

Nothing in Bertwell's factual allegations suggests any relationship between the parties other than that of adversaries in the legal process. Further, all of the allegations relate to events in the earlier legal proceeding. For example, the fraud and negligent misrepresentation allegations relate primarily to allegedly false statements contained in the complaint and provisions contained in settlement documents which were communicated to Bertwell through her attorney. The (unsigned)

civil cover sheet filed with the state court complaint in *this* action, nonetheless, characterizes Bertwell's action against Allstate and Wachter as a legal malpractice action.

Defendant Allstate timely removed this action to this court, asserting that Wachter had been fraudulently joined and that, without his joinder, the court could exercise jurisdiction under 28 U.S.C. § 1332. The undersigned established a schedule for briefing on the fraudulent joinder issue. *See* Dkt No. 5 (requiring Allstate to file a memorandum by December 12, 2007 and Bertwell to respond no later than December 28, 2007). Allstate complied with the requirement that it brief the jurisdictional issue. Bertwell did not, however, respond as required by the docket text order.[1]

After the time for Bertwell's response expired without the required submission, Wachter filed a motion to dismiss. Plaintiff responded to the motion to dismiss. Although clearly untimely, the court will treat this response as also responding to Allstate's jurisdictional memorandum given the interrelationship of the issues and the court's independent duty to ensure the existence of subject matter jurisdiction.

## II. STANDARD

### A.    Standard for Removal – Assertion of Subject Matter Jurisdiction

The party removing an action bears the burden of demonstrating that jurisdiction properly rests with the court at the time the petition for removal is filed. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938); *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed. *Mulcahey,* 29 F.3d at 151. If federal jurisdiction is doubtful, remand is necessary. *Id*.

---

[1] The docket text order advised Bertwell that no separate motion to remand was required. It did, however, require that she respond to any memorandum in support of jurisdiction filed by Allstate.

To be removable to federal court, a state action must be within the original jurisdiction of the district court. *See* 28 U.S.C. § 1441. District courts have original jurisdiction ""where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1).

### B. Fraudulent Joinder Standard

When a plaintiff has fraudulently joined a nondiverse defendant, a district court may retain jurisdiction and disregard the nondiverse party. *See Mayes v. Rapaport*, 198 F.3d 457, 461 (4th Cir. 1999). To show fraudulent joinder of a party, a removing party "must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transportation, Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir. 1993)). "The party alleging fraudulent joinder bears a heavy burden–it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley,* 187 F.3d at 424.

The Fourth Circuit has described this standard as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* (citations omitted). All the plaintiff needs to show is that there is a "glimmer of hope," *Mayes,* 198 F.3d at 466, or a "slight possibility of a right to relief" in state court. *Hartley,* 187 F.3d at 426.

### C. Rule 12(b)(6) Standard

A motion to dismiss should be granted only when it appears that the non-moving party can prove no set of facts in support of a claim that would entitle the non-moving party to relief on that claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court

must view the complaint in the light most favorable to the non-moving party and resolve every doubt in that party's favor. The non-moving party's allegations are to be taken as true for the purpose of ruling upon the motion. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969). In addition, any inference reasonably drawn from the complaint must be considered together with the non-moving party's allegations of fact. *Murray v. City of Milford*, 380 F.2d 468, 470 (2d Cir. 1967).

### III.  DISCUSSION

Bertwell's claims against Wachter all arise out of Wachter's legal representation of Allstate in Allstate's earler action against Bertwell. Nothing in the allegations suggests any independent relationship between Wachter and Bertwell which would impose a duty of due care running from Wachter to Bertwell. Neither are there any allegations of representations beyond those in and directly related to the litigation. Thus, this action appears to fall squarely within the line of cases cited by Allstate in its memorandum in support of removal. *See* Dkt No. 7 at 1 *citing, e.g., Pye v. Estate of Fox,* 633 S.E.2d 505 (S.C. 2006).

> As the South Carolina Supreme Court explained in *Pye*:
>
> Generally, "an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client." *Gaar v. North Myrtle Beach Realty Co., Inc*., 287 S.C. 525, 528, 339 S.E.2d 887, 889 (Ct.App.1986). In *Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995), this Court held "an attorney may be held liable for conspiracy where, in addition to representing his client, he breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client."

*Pye,* 633 S.E.2d at 509-10.

Bertwell has failed to allege facts which would give rise to any independent duty running from Wachter to Bertwell, the opposing party in the earlier litigation. Neither has she alleged any facts which would support a finding that Wachter acted in that litigation for his own personal benefit

5

outside the scope of his representation of Allstate. It is, therefore, readily apparent that Bertwell has not even a "glimmer of hope" of success in her claims against Wachter.

For the reasons set forth above, the court finds that Defendant Wachter was fraudulently joined. His citizenship will, therefore, be disregarded in determining the existence of subject matter jurisdiction. This results in a finding that there is full diversity. As there is no challenge to the adequacy of the amount in controversy, the court finds that it may exercise subject matter jurisdiction under 28 U.S.C. § 1332.

The same reasons support the conclusion that Bertwell has failed to state a claim against Wachter. All claims actually asserted against Wachter are, therefore, dismissed with prejudice and he is dismissed as a party from this action.

### IV. CONCLUSION

For the reasons set forth above, the court finds that Defendant Wachter was fraudulently joined in this action. Based on that finding, the court concludes that Allstate has established the existence of subject matter jurisdiction. Consistent with the finding of fraudulent joinder, the court dismisses Defendant Wachter from this action. This dismissal is with prejudice as to all claims actually asserted against Defendant Wachter.

IT IS SO ORDERED.

                                          s/ Cameron McGowan Currie
                                          CAMERON MCGOWAN CURRIE
                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 31, 2008